IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Melissa Fryer, individually and as Natural Mother and Next Friend to Alan Fryer, a minor, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No.: 4:08-2412-TLW |
| Blitz U.S.A., Inc., | ) ) | |
| Defendant. | ) ) | |

# ORDER

Plaintiff Melissa Fryer ("plaintiff") filed this action on June 30, 2008 (Doc. # 1). Now before the Court for resolution are two motions for partial summary judgment filed by the plaintiff on November 23, 2009. (Docs. # 68 and # 69). The defendant filed responses to each on December 11, 2009. (Docs. # 71 and # 72). The Court has carefully considered the motions, memoranda, and exhibits submitted by the parties. The Court has determined the relevant facts from the record presented by the parties, and drawn all reasonable factual inferences in favor of the non-moving party.

### SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), a party is entitled to summary judgment if the pleadings, responses to discovery, and the record reveal that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). As the party seeking summary judgment, the plaintiff bears the initial responsibility of informing this Court of the basis for its motion. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This requires the movant to identify those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex, 477 U.S. at 323; see also Anderson, 477 U.S. at 249.

Though the moving party bears this initial responsibility, the defendant, as nonmoving party, must then produce "specific facts showing that there is a genuine issue for trial." Fed R. Civ. P. 56(e); see Celotex, 477 U.S. at 317. In satisfying this burden, the defendant must offer more than a mere "scintilla of evidence" that a genuine issue of material fact exists, Anderson, 477 U.S. at 252, or that there is "some metaphysical doubt" as to material facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, the defendant must produce evidence on which a jury could reasonably find in its favor. See Anderson, 477 U.S. at 252.

In considering the plaintiff's motions for partial summary judgment, this Court construes all facts and reasonable inferences in the light most favorable to the defendant as nonmoving party. See Miltier v. Beorn, 869 F.2d 848 (4th Cir. 1990). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." Matsushita, 475 U.S. at 587 (1986) (internal quotations omitted).

## DISCUSSION

The plaintiff first seeks partial summary judgment on the element of foreseeability. The plaintiff argues that there is no genuine issue of material fact regarding the issue of foreseeability. The plaintiff states that, by the defendant's own admission, pouring gasoline onto debris to set a fire is foreseeable. The plaintiff notes that evidence of prior instances of similar occurrences is "most probative" on the issue of foreseeability. Gardner v. Q.H.S., Inc., 448 F.2d 238, 244 (4th Cir. 1971). The plaintiff alleges that the defendant has been aware for over forty years that consumers use gasoline to start fires. Therefore, the plaintiff asserts that, based on the admission by the defendant, the plaintiff is entitled to partial summary judgment.

The defendant contends that the summary judgment rule does not allow the piecemealing of a single claim. The defendant cites to cases for the proposition that a "party is simply not entitled to summary judgment if the judgment would not be dispositive of an entire claim." Greene v. Life Care Ctrs., Inc., 586 F.Supp.2d 589, 593-95 (D.S.C. 2008) (quoting Evergreen Int'l v. Marinex Const. Co., 477 F.Supp.2d 697, 698-99 (D.S.C. 2007)); Felix v. SunMicrosystems, Inc., 2004 WL 911303 at *7 (D. Md. 2004). The defendant next asserts that foreseeability and proximate cause ordinarily are questions for the jury. Eadie v. Krause, 671 S.E.2d 389, 393 n.5 (S.C. Ct. App. 2008). Furthermore, the defendant argues that the plaintiff's evidence indicates only that it was foreseeable that people use gasoline in rural areas to burn brush, not that it is foreseeable that a container would explode under the circumstances.

Reviewing the record before the Court in the light most favorable to the defendant as non-moving party, this Court finds the arguments presented by the defendant persuasive. This Court cannot conclude that there is no genuine issue of material fact as to the issue of

foreseeability. There is evidence before this Court that creates a question of fact as to foreseeability. For this reason, after considering the evidence in the record, partial summary judgment on the issue of foreseeability is denied.

Next, the plaintiff asserts that there is no genuine issue of material fact concerning the defendant's breach of its duty to test its gas container products. The plaintiff claims that, under South Carolina law, the defendant has a duty to test its gas storage container products. See Nelson v. Coleman Co., 155 S.E.2d 917 (1967). The plaintiff contends that the defendant, by its own admission, does not perform any testing on its gas storage container products to determine whether there is a propensity for the containers to explode when used in proximity to ignition sources, or whether a flame arrester device would prevent an explosion.

The defendant first notes that the summary judgment rule does not allow the piecemealing of a single claim. Next the defendant argues that the Nelson case stands for the proposition that manufacturers have a duty to test and inspect their products for manufacturing defects, and it does not comment on the need to test for design or marketing defects. Moreover, the defendant notes that the South Carolina Supreme Court held that whether the defendant was negligent in failing to inspect and test its product for manufacturing defects was a jury question. Finally, the defendant contends that the issue of whether testing was required is in question, and therefore summary judgment is inappropriate.

On this issue, the Court finds the arguments presented by the defendant persuasive. Reviewing the record before the Court in the light most favorable to the defendant as non-moving party, this Court cannot conclude that there is no genuine issue of material fact on this

issue. For this reason, after considering the evidence in the record, partial summary judgment on the on the defendant's breach of the duty to test its products is denied.

## **CONCLUSION**

For the reasons set forth herein, the plaintiff's motions for partial summary judgment are **DENIED**. (Docs. # 68 and # 69).

**IT IS SO ORDERED**.

s/Terry L. Wooten<br>
TERRY L. WOOTEN<br>
United States District Judge

April 8, 2010
Florence, South Carolina